**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

| | |
|---|---|
| NATIONWIDE INDUSTRIES, INC. )<br>a Florida Corporation, )<br> )<br>           Plaintiff, )<br> )<br>         v. )<br> )<br>D&D GROUP PTY, LTD., )<br>an Australian Corporation and )<br>D&D TECHNOLOGIES (USA), INC. )<br>a California Corporation, )<br> )<br>           Defendants. ) | Case No. 8:04-CV-277-T-2EAJ<br><br>**COMPLAINT FILED:<br>FEBRUARY 17, 2004**<br><br>**REPLY TO COUNTERCLAIM** |

      Plaintiff, NATIONWIDE INDUSTRIES, INC., a Florida corporation ("Nationwide") replies to the counterclaims of the D&D Defendants as follows:

      1.     Plaintiff admits the allegations in paragraphs 1, 2 and 3 of the Counterclaim which begins on page 5 of D&D's Answer and Counterclaim.

      2.     In response to paragraph 4 of the Counterclaim, plaintiff admits that D&D Group is the owner of U.S. Patent No. 5,362,116 (herein the "'116 patent"), but denies the remaining allegations.

      3.     In response to paragraph 5 of the Counterclaim, plaintiff lacks information or knowledge sufficient to form a belief as to the truth of the allegations and denies each and every allegation contained therein.

      4.     In response to paragraph 6 of the Counterclaim, plaintiff admits the allegations in the first sentence but denies the allegations of the 2nd and 3rd

sentences. Plaintiff denies that its product known as "The Protector" infringes U.S. Patent No. 5,362,116.

5. In response to paragraph 7 of the Counterclaim, plaintiff incorporates, by reference, its responses to paragraphs 1-6, above as though they were fully set forth in this paragraph.

6. In response to paragraphs 8-11 of the Counterclaim, plaintiff denies each and every allegation.

Further in reply to the Counterclaim, Plaintiff states the following defenses:

7. After a reasonable opportunity for further investigation and discovery, there will likely be sufficient evidentiary support that the '116 patent is invalid under Title 35 of the United States Code including, among others, 35 U.S.C. §102, 35 U.S.C. §103, and/or 35 U.S.C. §112.

8. After a reasonable opportunity for further investigation and discovery, there will likely be evidentiary support that the '116 patent is unenforceable due to the acts and/or omissions of inequitable conduct by the D&D Defendants and/or of those prosecuting the '116 patent.

9. Nationwide has not and does not make, use, sell, or offer to sell any product, including its "The Protector™" latch, that would infringe the '116 patent, either literally or under the Doctrine of Equivalents.

10. After a reasonable opportunity for further investigation and discovery, there will likely be evidentiary support that the D&D Defendants are barred from relief under the doctrines of unclean hands, laches and/or estoppel.

11. After a reasonable opportunity for further investigation and discovery, there will likely be evidentiary support that D&D Defendants are barred from any recovery under the '116 patent by the Doctrine of Patent Misuse.

12. Nationwide cannot be found to have willfully infringed the '116 patent due to its good faith conduct and actions of due care to avoid the '116 patent.

WHEREFORE, Nationwide respectfully requests the following relief:

a. That the D&D Defendants take nothing by way of their counterclaims and that said counterclaims be dismissed with prejudice.

b. That judgment be entered declaring U.S. Patent No. 5,362,116 invalid;

c. That judgment be entered declaring U.S. Patent No. 5,362,116 unenforceable;

d. That judgment be entered declaring U.S. Patent No. 5,362,116 not infringed by Nationwide.

e. That Nationwide be awarded its costs, disbursements, and attorneys fees incurred in this action, pursuant to 35 U.S.C. §285, and other provisions of law, with interest;

f. That Nationwide be granted such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated: September 1, 2004 | By: /s/ Kevin D. Johnson<br>Kevin D. Johnson<br>Florida Bar Number 0013749<br>THOMPSON, SIZEMORE &<br>  GONZALEZ<br>501 E. Kennedy Boulevard<br>Suite 1400<br>Tampa, Florida  33602<br>Tel. (813/273-0050)<br>Fax. (813/273-0072)<br><br>Attorneys for Nationwide Industries, Inc. |

Of Counsel:

William E. Jackson, Esquire
B. Aaron Schulman, Esquire
STITES & HARBISON, PLLC
1199 North Fairfax Street, Suite 900
Alexandria, Virginia  22314
Tel. (703/739-4900)
Fax. (703/739-9577)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served by U.S. mail this 1st day of September 2004 to:

Gary M. Anderson, Esq.
Fulwider Patton Lee & Utecht, LLP
200 Oceangate, Suite 1550
Long Beach, CA 90802

/s/ Kevin D. Johnson
Attorney